**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:17-CR-00045-MAC** |
| **v.** | § | |
| | § | |
| | § | |
| **NICHOLAS S. MILLER** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 6, 2017, alleging that the Defendant, Nicholas S. Miller, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Nicholas S. Miller was sentenced on December 1, 2015, before The Honorable Michelle Childs, of the District of South Carolina, after pleading guilty to the offense of Conspiracy to Defraud the United States, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of V, was 21 to 27 months. Nicholas S. Miller was subsequently sentenced to 15 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include employment program, drug aftercare and $100 special assessment.

1

## II.  The Period of Supervision

On December 30, 2016, Nicholas S. Miller completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations.   The petition alleges that Nicholas S. Miller violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not possess a controlled substance.

Allegation 3. The Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

Allegation 4.  The Defendant shall not leave the judicial district without permission of the Court or probation officer.

Allegation 5.  The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

## IV.  Proceedings

On February 13, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that prohibited him from committing another federal, state, or

local crime.   In return, the parties agreed that he should serve a term of imprisonment of 6 months'

imprisonment, with two years of supervised release to follow.  The first six months of his two-year

supervised release term shall be served in a halfway house.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised

release and require the defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without credit

for time previously served on post-release supervision, if the court, pursuant to the Federal Rules

of Criminal Procedure applicable to revocation of probation or supervised release, finds by a

preponderance of the evidence that the defendant violated a condition of supervised release, except

that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised

release is a Class A felony, more than three years if such offense is a Class B felony, more than

two years in prison if such offense is a Class C or D felony, or more than one year in any other

case.   The original offense of conviction was a Class D felony, therefore, the maximum

imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence

that the Defendant violated conditions of supervision by failing to not commit another federal,

state, or local crime, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. §

7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the policy statement imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being

served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than 3 years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing  Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release by committing another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 6 months, with two years of supervised release to follow. The first six months of his two-year term of supervised release shall be served in a halfway house.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by committing another federal, state, or local crime.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 6 months' imprisonment, with two years of supervised release to follow.  The first six months of his two-year term of supervised release shall be served in a halfway house.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.  The Defendant's request should be accommodated, if possible.

In addition to the mandatory and standard conditions of supervised release, the same special conditions previously imposed by Judge Childs shall be imposed, including: employment program and drug aftercare.  The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report, including his history of substance abuse.

## VIII.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of February, 2018.

Zack Hawthorn
United States Magistrate Judge